IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK<br>    Plaintiff<br><br>V.<br><br>DAUPHIN COUNTY, ET AL.,<br>    Defendants | : CIVIL ACTION<br>:<br>:<br>:<br>: (THE HONORABLE YVETTE KANE)<br>:<br>: NO. 1:21-cv-1237-YK<br>:<br>: JURY TRIAL DEMANDED |

## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT DAUPHIN COUNTY**

Defendant Dauphin County, by and through its counsel, Lavery Law, hereby moves this Honorable Court to dismiss all of Plaintiff's claims against Dauphin County. In support of this Motion, Dauphin County avers the following:

1. On July 13, 2021, Plaintiff filed a Complaint naming Dauphin County, River Drive Service Center, Inc., Shane Staley, and James Ellerman as defendants. (Doc. 1).

2. Plaintiff's Complaint arises out of the accidental death of Matthew Baraniak, which occurred on July 13, 2019.

3. As a preliminary matter, Plaintiff's Complaint alleges that Mr. Baraniak was sentenced by the Dauphin County Court to serve time as an inmate at the Dauphin County Work Release Center. (Doc. 1, ¶28).

4. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Shelley v. Wilson*, 339 Fed. Appx. 136, 137 n. 2 (3d Cir. 2009) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

5. Defendant Dauphin County hereby submits Mr. Baraniak's Cumberland County Court of Common Pleas criminal docket sheet as a matter of public record to be considered by this Court, attached hereto as **Exhibit A**.

6. Plaintiff's Complaint alleges various violations of Mr. Baraniak's rights under the laws and Constitution of the United States, in particular the Eighth and Fourteenth Amendments thereof and 42 U.S.C. §1983. (Doc. 1, ¶¶53-54).

7. To survive a motion to dismiss, a plaintiff's claim must be "plausible"-that is, the claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

8. While the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff, the Court need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See *California Pub. Empl. Ret. Sys. V. The Chubb Corp.*, 394 F.3d 126, 143 (3d. Cir. 2004) (Additional citations omitted).

9. For the foregoing reasons, Plaintiff's claims against Defendant Dauphin County must be dismissed.

## Municipal Liability against Defendant Dauphin County

10. Plaintiff asserts claims against Defendant Dauphin County for allegedly deficient practices, policies, and customs, and failure to properly train or supervise. (Doc. 1, ¶¶65-66,69-71,73,84-87,91-92).

11. To state a viable claim of Municipal Liability under §1983, a plaintiff must demonstrate that the municipality itself caused the alleged violation of rights through a "policy" or "custom" of its own. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 694 (1978).

12. Once a plaintiff identifies the "policy" or "custom" attributable to a municipality, the plaintiff must demonstrate that adherences to said policy or custom constituted "deliberate indifference" to a citizen's constitutional rights. *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997).

13.     In the context of Municipal Liability under §1983, "deliberate indifference" means a "conscious disregard" of a known or obvious risk of constitutional violations. Id. at 411.

14.     Typically, to satisfy his/her burden, a plaintiff must allege repeated prior violations. *Id.* at 408.

15.     Plaintiff must also establish the existence of a municipal policy or custom that may fairly be said to represent the City's official policy. Policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (additional citations omitted).

16.     Here, Plaintiff's complaint sets forth only conclusory allegations concerning her Municipal Liability claim.

17.     Plaintiff failed to plausibly plead Defendant Dauphin County failed to establish and/or to follow or enforce adequate policies, procedures, practices, customs, guidelines, rules, regulations, and training to address Mr. Baraniak's safety while housed at the Dauphin County Work Release Center when Plaintiff acknowledges that Mr. Baraniak died while working at River Drive; that Defendant Staley controlled and supervised the work being done at Mr. Baraniak's work facility; and that Defendant Ellerman was responsible for supervising Mr.

Baraniak on behalf of River Drive and Dauphin County. (*See* Doc. 1, ¶¶24,25,35,43).

18.     Additionally, Plaintiff failed to plead sufficient facts to demonstrate deliberate indifference by failing to identify prior similar violations.

19.     Accordingly, Plaintiff failed to plausibly plead a claim of Municipal Liability for failing to adopt a policy, or failure to train or supervise against Defendant Dauphin County.

| | |
|---|---|
| Date:   August 19, 2021 | Respectfully submitted,<br><br>LAVERY LAW<br><br>*/s/ Frank J. Lavery, Jr.*<br>Alyssa L. Kuhl, Esquire<br>PA Bar No. 324468<br>Frank J. Lavery, Jr. Esquire<br>PA Bar No. 42370<br>225 Market Street, Suite 304<br>P.O. Box 1245<br>Harrisburg, PA  17108-1245<br>(717) 233-6633 (phone)<br>(717) 233-7003 (fax)<br>akuhl@laverylaw.com<br>flavery@laverylaw.com<br>Attorneys for Defendant<br>Dauphin County |

# CERTIFICATE OF SERVICE

I, Aimee L. Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this 19th day of August, 2021, I served a true and correct copy of the foregoing Motion via this Court's Electronic Filing System, addressed as follows:

Kimberly Spangler Loutey, Esquire
Patricia A. Shipman, Esquire
Susquehanna Law Group, Inc.
25 West Third Street, Suite 300
Williamsport, PA 17701
*Attorneys for Plaintiff*

and via first-class mail, addressed as follows:

River Drive Service Center, Inc.
4613 North Front Street
Harrisburg, PA 17110
*Defendant*

Shane Staley
4613 North Front Street
Harrisburg, PA 17110
*Defendant*

James Ellerman
1426 State Road
Duncannon, PA 17020
*Defendant*

s/Aimee L. Paukovits
Legal Assistant