## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION |
| | 1:21-cv-01237-YK |
| Plaintiff, | |
| | HON. YVETTE KANE |
| v. | |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants, River Drive Service Center, Inc., Shane Staley, and James Ellerman, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**.  It is hereby **FURTHER ORDERED** that Plaintiff's Complaint against Defendants, River Drive Service Center, Inc., Shane Staley, and James Ellerman is **DISMISSED WITH PREJUDICE**.

**BY THE COURT:**

_____

**J.**

27749346v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION |
| | 1:21-cv-01237-YK |
| Plaintiff, | |
| | HON. YVETTE KANE |
| v. | |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT OF DEFENDANTS, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, AND JAMES ELLERMAN

Defendants, River Drive Service Center, Inc., Shane Staley, and James Ellerman (collectively, "Defendants"), by and through their counsel, White and Williams LLP, move this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing Plaintiff's Complaint against Defendants in its entirety, with prejudice. Support for this Motion is set forth in the accompanying Memorandum of Law.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY: _____

Michelle D. Coburn, Esquire
1650 Market Street | One Liberty
Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6355
Attorneys for Defendants,
River Drive Service Center, Shane
Staley, and James Ellerman

Dated:  October 8, 2021

# TABLE OF CONTENTS

I.     INTRODUCTION AND PROCEDURAL HISTORY ...............................1

II.    STATEMENT OF FACTS ...........................................................3

III.   QUESTION PRESENTED ..........................................................5

IV.   ARGUMENT ...........................................................................6

   A.   Standard of Review ......................................................6

   B.   Plaintiff's Section 1983 Claims (Count II) Should Be Dismissed for Failure to State a Claim ..........................................................7

      1.  *Plaintiff's Complaint Fails to State a Claim Under Section 1983 Because River Drive, Staley, and Ellerman Are Not State Actors* ..................8

      2.  *Plaintiff's Complaint Fails to State a Claim Under Section 1983 Based on Vicarious Liability* ......................................................15

      3.  *Plaintiff's Complaint Fails to State a Claim Under Section 1983 against Staley* ......................................................17

   C.   Plaintiff's Tort-Based Claims Against Defendants Should Be Dismissed Because the Pennsylvania Workers' Compensation Act Provides the Exclusive Remedy Against the Employer for Work-Related Injuries....18

V.     CONCLUSION ..........................................................21

27749346v.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<span style="font-size:smaller">ASES</span>

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009)....................................................................................6, 15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................6

*Bing v. Mt. Secure Shredding, Inc.*,
2018 U.S. Dist. LEXIS 7929 (E.D. Pa. Jan. 18, 2018).......................................19

*Brown v. Phillip Morris, Inc.*,
250 F.3d 789 (3d Cir. 2001) ............................................................................8

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011) ............................................................................7

*Estate of Pendelton v. Davis*
2007 U.S. Dist. LEXIS 32673 (M.D. Pa. May 3, 2007)...............................10, 11

*Evancho v. Fisher*,
423 F.3d 346 (3d Cir. 2005) ..........................................................................17

*Fallon v. Mercy Catholic Med. Ctr.*,
877 F.3d 487 (3d Cir. 2017) ............................................................................8

*Flagg Bros., Inc. v. Brooks*,
436 U.S. 149 (1978)........................................................................................8

*Formato v. Mount Air #1, LLC*,
2020 U.S. Dist. LEXIS 134195 (M.D. Pa. July 29, 2020) .................................21

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ............................................................................6

*Hogan v. Raymond Corp.*,
536 F. App'x 207 (3d Cir. 2013) ....................................................................21

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ..........................................................................8

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345 (1974)............................................................................................8

*Leshko v. Servis*,
  423 F.3d 337 (3d Cir. 2005) ...........................................................................8, 9

*McCullum v. City of Phila.*,
  1999 U.S. Dist. LEXIS 10423 (E.D. Pa. July 13, 1999) ...................................9

*Moeller v. Bradford Cnty.*,
  2005 U.S. Dist. LEXIS 56589 (M.D. Pa. Oct. 20, 2005) .................................11

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997) ...........................................................................12

*Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*,
  998 F.3d 1192 (3d Cir. 1993). ……………………………………………19

*Porter v. Pa. Dep't of Corrs.*,
  974 F.3d 431 (3d Cir. 2020) .............................................................................7

*Rendell-Baker v. Kohn*,
  457 U.S. 830 (1982)...........................................................................................8

*Robert S. v. Stetson Sch., Inc.*,
  256 F.3d 156 (3d Cir. 2001) .............................................................................9

*Schmidt v. Skolas*,
  770 F.3d 241 (3d Cir. 2014) .......................................................................8, 19

*Schutt v. Melmark*,
  2017 U.S. Dist. LEXIS 61885 (E.D. Pa. Apr. 24, 2017)...................................9

*Smiley v. Tennessee*,
  2017 U.S. Dist. LEXIS 145663 (E.D. Tenn. Sept. 8, 2017)...............................9

*Smith v. Tyler Mem. Hosp.*,
  2012 U.S. Dist. LEXIS 80826 (M.D. Pa. June 11, 2012)................................21

*West v. Atkins*,
  487 U.S. 42 (1988)........................................................................................7, 8

*Williams v. Impact Design, LLC*,
   2015 U.S. Dist. LEXIS 111615 (D. Kan. Aug. 24, 2015) .................................... 9

*Winkler v. Pennsylvania*,
   994 F. Supp. 2d 668 (E.D. Pa. 2014) .................................................................. 12

*Wood v. Williams*
   568 F. App'x 100 (3d Cir. 2014) ....................................................................... 16

*Zuber v. Boscov's*,
   871 F.3d 225 (3d Cir. 2017) .............................................................................. 19

STATUTES

42 U.S.C. § 1983 .................................................................... 1, 5, 6, 7, 15

42 Pa. C. S. § 8301 ............................................................................... 2

42 Pa. C. S. § 8302 ............................................................................... 2

77 P.S. § 411(1) ................................................................................. 20

77 P.S. § 481a .......................................................................... 18, 19, 20

77 P.S. § 562 ..................................................................................... 19

OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ......................................... passim

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION |
| | 1:21-cv-01237-YK |
| Plaintiff, | |
| | HON. YVETTE KANE |
| v. | |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## MEMORANDUM OF LAW OF DEFENDANTS RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, AND JAMES ELLERMAN IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, River Drive Service Center, Inc. ("River Drive"), Shane Staley ("Staley"), and James Ellerman ("Ellerman") (collectively, "Defendants"), by and through their attorneys, White and Williams LLP, hereby respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION AND PROCEDURAL HISTORY

On July 13, 2021, Plaintiff, Holly Murphy, as Personal Representative of the Estate of Matthew Baraniak ("Decedent"), filed the instant Complaint against Dauphin County, Decedent's employer River Drive, and River Drive's Vice President and employee, Staley and Ellerman, respectively. *See* Pl.'s Compl.,

attached hereto as Exhibit "A."  Plaintiff's Complaint alleges constitutional and civil rights violations under 42 U.S.C. § 1983 against Dauphin County (Count I) and Defendants (Count II).  *Id.* at ¶¶ 50-123.  In the remaining counts, Plaintiff's Complaint alleges state law claims against River Drive, including negligence (Count III), wrongful death under 42 Pa.C.S. § 8301 (Count IV), and survival action under 42 Pa.C.S. § 8302 (Count V).  *Id.* at ¶¶ 124-47.

Defendants respectfully request this Honorable Court grant their Motion and dismiss Plaintiff's Complaint against them with prejudice.  First, Plaintiff's Complaint fails to state a claim under Section 1983 against Defendants because it does not allege sufficient facts to support the allegation that Defendants were state actors — River Drive is a private entity that employed Decedent, and Staley and Ellerman are private individuals who worked at River Drive.  Second, as against River Drive, Plaintiff's Complaint fails to state a claim under Section 1983 because it is premised on vicarious liability which is not a recognized basis for a Section 1983 claim.  Third, as against Staley, Plaintiff's Complaint fails to state a claim under Section 1983 because it fails to allege the required personal involvement of Staley in the event upon which the Complaint is based; in fact, the Complaint admits that Staley was not present at the time of the incident.  Lastly, all of Plaintiff's tort claims against River Drive are barred by the Pennsylvania Workers' Compensation Act which is the exclusive remedy against an employer for injury

arising in the course of employment. For those reasons, and as more fully explained below, Defendants respectfully request this Honorable Court grant their Motion and dismiss Plaintiff's Complaint with prejudice.

## II.    STATEMENT OF FACTS

River Drive is a Pennsylvania corporation that provides truck maintenance, repair, and towing services. *See* Pl.'s Compl., at ¶ 19. River Drive hired Decedent in December 2018. *See id.* at ¶¶ 20, 30, 34. In May 2019, Decedent was sentenced "to serve time as an inmate at the Dauphin County Work Release Center." *Id.* at ¶ 28. Decedent continued his employment with River Drive while residing at the Dauphin County Work Release Center. *Id.* at ¶¶ 29-30. According to the Complaint, River Drive was required to abide by Dauphin County's written work release policies and procedures for Decedent's continued employment at River Drive. *Id.* at ¶¶ 108-11.

Dauphin County's written work release policies and procedures include the following requirements:

1.    Mail paychecks to the Work Release Center.

2.    Workman's Compensation insurance for the employee.

3.    Telephone the Work Release Center if the employee does not arrive to work, needs to stay beyond scheduled return time, is going to be

terminated, requires emergency medical treatment, or is changing job

locations.

4.      Fill out a schedule for the employee.

5.      Acknowledge that a Work Release Officer may visit or phone at any

time and give the Work Release Officer access to the employee.

A true and correct copy of the Dauphin County Work Release Policies and

Procedures is attached hereto as Exhibit "B".

On July 13, 2019, according to Plaintiff's Complaint, Decedent was working

on a garbage truck outside the rear of River Drive's facility.  Pl.'s Compl., Ex. A,

at ¶¶ 35, 37-38.  As alleged in the Complaint, "[t]he only people at the service

center that day were [Decedent] and [Ellerman]."  *Id.* at ¶ 36.  According to the

Complaint, "despite not having the proper training or certifications, Decedent was

instructed to get on a scissor lift and use a torch to cut a pin supporting the tailgate

of the garbage truck that covers the compactor.  *Id.* at ¶¶ 37-39.  When the support

was cut, the tailgate shifted and struck Decedent in the head, ultimately resulting in

his death.  *Id.* at ¶ 39-40, 43.

River Drive's administrator for workers' compensation insurance reported

the injury to the Pennsylvania Bureau of Workers' Compensation.  On August 5,

2019, the Pennsylvania Bureau of Workers' Compensation approved an

Agreement for Compensation and payment of benefits.  Attached hereto as Exhibit

"C" are the First Report of Injury, time-stamped Agreement for Compensation, and Claim Summary from the Pennsylvania Workers' Compensation Automation and Integration System, which Defendants submit to this Court as matter of public record and documents from an administrative agency.

## III.   QUESTION PRESENTED

1.      Should this Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's claim against Defendants under 42 U.S.C. § 1983 because Plaintiff has not plausibly alleged that Defendants were state actors?

>    *Suggested Answer:        Yes.*

2.      Should this Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's claim against River Drive under 42 U.S.C. § 1983 where such claims are based on vicarious liability which is not recognized in claims under 42 U.S.C. § 1983?

>    *Suggested Answer:        Yes.*

3.      Should this Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's claim against Staley under 42 U.S.C. § 1983 where the Complaint fails to allege any personal involvement of Staley in the event giving rise to the alleged constitutional violation?

>    *Suggested Answer:        Yes.*

27749346v.1

4.      Should this Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint against Defendants because the Pennsylvania Workers' Compensation Act provides the exclusive remedy against River Drive and its employees for the injury to Decedent that occurred while he was working for his employer, River Drive?

*Suggested Answer:*      *Yes.*

## IV.   ARGUMENT

### A.   Standard of Review

A Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) when the Complaint fails to contain sufficient factual matter to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff has alleged sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Under this analysis, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court must accept all facts pled as true and determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a plausible claim for relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). However, this standard of review does not require the court to accept the

veracity of mere conclusory allegations in determining the plausibility of the plaintiff's claims. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

**B.    Plaintiff's Section 1983 Claims (Count II) Should Be Dismissed for Failure to State a Claim**

In Count II, Plaintiff's Complaint alleges that River Drive, Staley, and Ellerman violated Decedent's constitutional rights under the Eighth and Fourteenth Amendments.   Pl.'s Compl., Ex. A, at ¶¶ 95-123.   Plaintiff alleges that River Drive, through its employees and Decedent's coworkers, Staley and Ellerman, subjected Decedent to cruel and unusual punishment and denied Decedent procedural due process, equal protection, and his right to liberty and property. *Id.* at ¶ 100, 120.

To state a claim under 42 U.S.C. § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 437 (3d Cir. 2020).   Plaintiff's Complaint fails to plausibly allege that River Drive, Staley, and Ellerman are state actors and acted under color of state law.

1.    ***Plaintiff's Complaint Fails to State a Claim Under Section 1983 Because River Drive, Staley, and Ellerman Are Not State Actors***

To determine whether a private company or individual is a state actor depends on if they have exercised power through state law and their conduct can be "fairly attributable to the State." *West*, 487 U.S. at 49; *Leshko v. Servis*, 423 F.3d 337, 342 (3d Cir. 2005). Supreme Court jurisprudence has presented three tests for determining state actors: (1) the exclusive government or "public function" test, (2) the symbiotic relations test, and (3) the close nexus test. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157-58 (1978); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974); *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 801 (3d Cir. 2001).

Plaintiff's Complaint alleges Defendants were state actors under the "exclusive government" or "public function" test. Pl.'s Compl., Ex. A, at ¶¶ 96-101. Relying on "Dauphin County's written WRC [Work Release Center] policy and procedures,"[1] Plaintiff alleges River Drive, Staley, and Ellerman restrained

---

[1] Typically, on a motion to dismiss, courts consider the allegations of the complaint, exhibits to the complaint, matters of public record, and administrative agency documents. "However, an exception to the general rule is that 'a document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)); *see also Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 493 (3d Cir. 2017) ("[A] court may consider a document that is 'integral or explicitly relied upon' in the complaint."). Plaintiff's Complaint

and held Decedent in custody on River Drive's premises while he worked. *Id.* at ¶¶ 108, 111-12. According to Plaintiff's Complaint, the State "delegate[d] its penological functions" to River Drive, Staley, and Ellerman, and whenever Decedent went to work, River Drive and its employees were "prison guards" and Decedent was a "prisoner." *Id.* at ¶¶ 102, 112-13.

"The requirements of the public function test are 'rigorous' and 'rarely . . . satisfied.'" *Schutt v. Melmark*, 2017 U.S. Dist. LEXIS 61885, at *11 (E.D. Pa. Apr. 24, 2017) (quoting *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 156, 165 (3d Cir. 2001)). Courts examine whether the defendant was performing a function that is "traditionally and exclusively" the province of the state. *Leshko*, 423 F.3d at 343. Traditional state functions for inmates are the provision of medical services, food and other necessities. *McCullum v. City of Phila.*, 1999 U.S. Dist. LEXIS 10423, at *9-10 (E.D. Pa. July 13, 1999). On the other hand, employment of inmates is not an exclusive function of the State. *See Smiley v. Tennessee*, 2017 U.S. Dist. LEXIS 145663, at *16 (E.D. Tenn. Sept. 8, 2017) (reasoning that an employment system within a prison or for prison inmates is not an exclusive function of the State); *see also Williams v. Impact Design, LLC*, 2015 U.S. Dist. LEXIS 111615, at *7 (D. Kan. Aug. 24, 2015).

---

explicitly relies on "Dauphin County's written WRC policy and procedures." *E.g.*, Pl.'s Compl., Ex. A, at ¶ 111. Thus, those policies and procedures are integral to the Complaint and, therefore, may appropriately be considered in this Motion to Dismiss. *See generally id.*

While there is little case law explaining the type or degree of control an employer must exercise over a work release inmate to be considered a state actor, something more must be pled than simply a typical employer-employee relationship. In *Estate of Pendelton v. Davis*, the Court noted that:

> [A] state contractor and its employees are not state actors simply because they are carrying out a state sponsored program and the contractor is being compensated therefor by the state. Nor does the fact that the activity being performed is a public function render the contractor and its employees state actors. For the nature of the contractor's activity to make a difference, the function performed must have been traditionally the *exclusive* prerogative of the State.

2007 U.S. Dist. LEXIS 32673, at *15 (M.D. Pa. May 3, 2007) (emphasis in original). While the Court found that the plaintiff's complaint alleged sufficient facts to conclude that the private employer could be considered a state actor, the Court did not identify the specific factual allegations on which this holding was based and specifically the type or degree of control the private employer exercised over the inmate.[2]

---

[2] *Pendelton* arose in an entirely different factual context than this case because the work release inmate was the tortious actor having caused an automobile accident while intoxicated resulting in the death of another driver. 2007 U.S. Dist. LEXIS 32673, at *5. At the time of the accident, the inmate was serving time for multiple DUI convictions and his license was suspended. *Id.* at * 5. The private employer knew that despite his license being suspended, the inmate regularly drove a vehicle to and from his employment. *Id.* The Court found the plaintiffs sufficiently alleged a level of supervision and control that the private employer may be considered a

-10-

In *Moeller v. Bradford County,* the Magistrate Judge concluded in his Report and Recommendation that Plaintiffs sufficiently alleged a private non-profit corporation performing vocational training in a prison and outside the prison on construction jobsites was a state actor because the complaint alleged that the prison delegated its authority and supervision over its inmates to the corporation when they were outside of the prison.   2005 U.S. Dist. LEXIS 56589, at *13 (M.D. Pa. Oct. 20, 2005) (attached hereto as Exhibit "E"), *report and recommendation adopted by* 2006 U.S. Dist. LEXIS 5394 (M.D. Pa. Feb. 10, 2006).   The Court disagreed with the employer's argument that the complaint did not allege a heightened level of supervision and control over the inmates that marked its program as being different from the traditional work release program. Critically, the Court held that "If, following discovery, the evidence reveals that this delegation of supervisory control by the County to the [employer] was not complete or unfettered, [the employer] can certainly file an appropriate dispositive motion at that time."   *Moeller*, 2005 U.S. Dist. LEXIS 56589, at *13 n.6.   The Court added that there must be "sufficient delegation to make [the] program more than a typical work release program . . ."   *Id.* at *16 n.9.

These cases provide helpful guidance to this instant motion because they demonstrate that something more is required than a "typical work release program"

state actor "to the extent that liability arises from such supervision."  *Id.* at *15.  A copy of the *Pendelton* decision is attached hereto as Exhibit "D".

-11-

to plead a state actor.  It is apparent on the face of Plaintiff's Complaint and in the document cited therein, specifically Dauphin County's written WRC policy and procedures, that this program was nothing more than a typical work release program.

Most of Plaintiff's allegations that River Drive and its employees were "prison guards" for Dauphin County by virtue of the work release program are merely bald and conclusory allegations that this Court need not accept as true. Pl.'s Compl., Ex. A, at ¶¶ 112-113; *Winkler v. Pennsylvania*, 994 F. Supp. 2d 668, 671 (E.D. Pa. 2014) (granting motion to dismiss Section 1983 claims and noting that "[n]either 'bald assertions' nor 'vague and conclusory allegations' are accepted as true." (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997))).

The only specific factual allegations in Plaintiff's Complaint that River Drive and its employees were state actors are those based on Dauphin County's Work Release Policies and Procedures:

- *Pursuant to the Dauphin County Work Release Center program*, River Drive personnel effectively acted as agents of the Department of Corrections in monitoring [Decedent] while he was away from the WRC but restrained and in custody on the River Drive Premises. *Id.* at ¶ 108.

- River Drive personnel, including Defendants Staley and Ellerman were required to enforce the *Dauphin County Work Release Center rules* prohibiting prisoners such as [Decedent] from using alcohol or

drugs, receiving visitors, making personal telephone calls, or leaving the facility, except to return to the Work Release Center. *Id.* at ¶ 109.

- River Drive personnel, including Defendants Staley and Ellerman were required to report violations of the *Rules* to the WRC to cooperate with Corrections officials in monitoring [Decedent] and implementing security policies. *Id.* at ¶ 110.

- Pursuant to *Dauphin County's written WRC policy and procedures*, employers have the ability to report WRC inmates such as [Decedent] for failure to follow their instructions – no matter how dangerous – and the coercive ability to terminate them for such failures, which under Dauphin County's written WRC policy and procedures could lead to consequences such as loss of privileges, bunk arrest or return to Dauphin County Prison (DCP). *Id.* at ¶ 111.

Only the first two allegations above go to River Drive exercising control over Decedent while he was working. However, the Court need not accept these allegations as true for purposes of this motion as Plaintiff's Complaint cites to and relies on the Dauphin County work release policies and procedures. Per the actual Work Release Policies and Procedures, River Drive was merely required to (1) mail Decedent's paychecks to the Work Release Center, (2) maintain Workers' Compensation insurance for Decedent, (3) call the Work Release Center in certain situations such as no arrival, late arrival, attempting to leave early, potential termination, or emergency medical treatment, (4) fill out a schedule, and (5) allow a Dauphin County Work Release Officer to visit Decedent or speak to him on the phone at any time, unannounced. *See* Dauphin County Work Release Policies and Procedures for River Drive, Ex. B.

Significantly, nothing in these rules delegates supervision and control of inmates to River Drive.  Rather, they show that Dauphin County retained the exclusive control of Decedent in his capacity as an inmate.  Indeed, River Drive had no authority to punish Decedent, supervise his sentence, hold him in custody, restrain him, or control him.  For example, River Drive was required to "phone the Center immediately if: [t]he resident does not arrive, arrives late, *leaves or attempts to leave the job site without permission*."  *Id.*  River Drive had no authority to control or restrain Decedent—River Drive had to call Dauphin County's Work Release Center as control and supervision remained with Dauphin County.  Similarly, River Drive was required to allow a Dauphin County Work Release Officer to access Decedent, via phone or physical visit, at any time.  This is most significant because if Dauphin County had delegated "penological functions" and prison guard duties to River Drive and its employees, there would be no need for unannounced visits and check-ins by Dauphin County Work Release Officers.

Simply put, Plaintiff's Complaint does not allege that River Drive had "complete and unfettered control" over Decedent when he was working.  By citing to and relying on the Dauphin County work release policies and procedures in the Complaint, this Court can consider the actual relationship between Dauphin County and River Drive and not merely bald and unsupported allegations.  It is

-14-

clear from the policies and procedures that Plaintiff has not alleged that River Drive was a state actor under 42 U.S.C. § 1983.   Accordingly, Count II of Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim.

**2.   *Plaintiff's Complaint Fails to State a Claim Under Section 1983 Based on Vicarious Liability***

Plaintiff's Complaint asserts that River Drive is liable under Section 1983 based on the alleged conduct of its employees.   Specifically, Plaintiff alleges "Defendants Staley and Ellerman were acting in the course of scope of their employment with Defendant River Drive, and at all times, were the agents, servants and employees of Defendant River Drive.   As such, Defendant River Drive is vicariously liable for the wrongful actions of Defendants Staley and Ellerman, under doctrines including, but not limited to, agency, respondeat superior, master-servant, joint venture and contract."  Pl.'s Compl., Ex. A, at ¶ 100.

Claims brought under Section 1983 may not proceed on theories of vicarious liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (explaining that "for § 1983 purposes, . . . [the employer] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.").   Rather, "[i]n order for [the employer] to be liable, [Plaintiff] must provide evidence there was a relevant

-15-

[employer] policy or custom, and that the policy caused the constitutional violation they allege." *Natale*, 318 F.3d at 583-84; *see also Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013) ("To bring a § 1983 claim against a local government entity (including a private corporation, like CMC, that is alleged to be acting under color of state law), for the actions of an employee of one of those entities, a plaintiff cannot rely upon respondeat superior liability, but he must show that the entity had a policy or custom that caused his deprivation of a constitutional right.").

Plaintiff's Section 1983 claim against River Drive is solely premised on vicarious liability and respondeat superior.   Pl.'s Compl., Ex. A, at ¶ 100. Plaintiff's Complaint does not allege that River Drive "had a policy or custom" that caused the deprivation of a constitutional right.   *See generally id.*   In *Wood v. Williams*, 568 F. App'x 100, 103-04 (3d Cir. 2014), the Third Circuit affirmed dismissal of a complaint where "[t]he complaint did not allege facts showing any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations."   Accordingly, Count II of Plaintiff's Complaint as against River Drive should be dismissed with prejudice for failure to state a claim.

###### 3.    *Plaintiff's Complaint Fails to State a Claim Under Section 1983 against Staley*

To state a claim under Section 1983, "a plaintiff must aver facts to show the defendants' personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Individual liability can be imposed under § 1983 only if the state actor played an 'affirmative part' in the alleged misconduct and 'cannot be predicated solely on the operation of *respondeat superior*." *Fiedler v. Stroudsburg Area Sch. Dist.*, 427 F. Supp. 3d 539, 551 (M.D. Pa. 2019) (quoting *Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005), *Rode*, 845 F.2d at 1207)). Indeed, as the Court explained in *Fielder*:

> The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845, F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-02 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice." *Broadwater v.*

-17-

> *Fow*, 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013) (citing
> *C.H. ex rel. Z.H.*, 226 F.3d at 202).

*Fielder*, 427 F. Supp. 3d at 539.

Even if Defendants were found to be state actors, Plaintiff's Complaint fails to state a claim under Section 1983 against Staley because there are no allegations that Staley had personal involvement in the purported constitutional violation. *See generally*, Pl.'s Compl., Ex. A. Plaintiff's Complaint admits that Staley was not present on the date in question, alleging that "the only people at the service center that day were [Decedent] and [Ellerman]." *Id.* at ¶ 36; *see also id.* at ¶ 99. There are no allegations in the Complaint that Staley had any involvement or acquiescence in Ellerman's alleged instructions to Decedent on the day of the accident. Accordingly, Count II of Plaintiff's Complaint as against Staley should be dismissed for failure to state a claim with prejudice.

### C.   Plaintiff's Tort-Based Claims Against Defendants Should Be Dismissed Because the Pennsylvania Workers' Compensation Act Provides the Exclusive Remedy Against the Employer for Work-Related Injuries

The Pennsylvania Workers' Compensation Act is the exclusive remedy as against an employer for work-related injuries sustained by employees. 77 P.S. § 481(a). Although Plaintiff's Complaint alleges that "River Drive is not shielded from liability by the Worker's Compensation Act because decedent was incarcerated and on work release at the time of the accident and therefore

-18-

disqualified from Worker's Compensation", that is not accurate when a death occurs.  When an incarcerated individual dies while working, his heirs are legally entitled to seek death benefits under the Workers' Compensation Act.  77 P.S. § 562.

Plaintiff admits that River Drive employed Decedent.  Pl.'s Compl., Ex. A, at ¶¶ 20, 34.  Plaintiff admits that Decedent's injury occurred while he was working at River Drive.  *Id.* at ¶ 35.  Moreover, Decedent's daughter applied for and is receiving workers' compensation death benefits from River Drive.  *See* Ex. C.[3]  Accordingly, Plaintiff's claims against Defendants are barred by workers' compensation immunity.

Section 481 of Pennsylvania's Workers' Compensation Act, entitled "Exclusiveness of remedy;" states that "[t]he liability of an employer under this act *shall be exclusive* and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in action at law or otherwise on account of any injury or death defined in section 301(c)(1) and (2) . . . ." 77 P.S.

---

[3] Defendants submit these administrative agency materials to the Court for judicial notice.  *E.g.*, *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.3d 1192, 1197 (3d Cir. 1993); *cf. Zuber v. Boscov's*, 871 F.3d 255, 259-60 (3d Cir. 2017) (evaluating Workers' Compensation agreement on appeal from dismissal under Rule 12(b)(6)); *Bing v. Iron Mt. Secure Shredding, Inc.*, 2018 U.S. Dist. LEXIS 7929, at *3 (E.D. Pa. Jan. 18, 2018)(taking judicial notice of Pennsylvania Bureau of Workers' Compensation documents in evaluating Rule 12(b)(6) motion).

§ 481(a)(emphasis added).  The Act defines "injury" and "death" to "mean an injury to an employee, . . . arising in the course of his employment and related thereto, . . . and wherever death is mentioned as cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury."  77 P.S. § 411(1).

The Act further defines "injury arising in the course of his employment" to include "all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment."  *Id.*

Plaintiff's Complaint alleges that Decedent sustained the injury resulting in his death while working at River Drive.  Pl.'s Compl., Ex. A, at ¶ 35.  Decedent's daughter applied for and is receiving workers' compensation benefits from River Drive.  Attached as Exhibit "C" are the First Report of Injury, time-stamped Agreement for Compensation, and Claim Summary from the Pennsylvania Workers' Compensation Automation and Integration System.  As shown by these

administrative agency documents, on July 23, 2019, this injury was reported to the Pennsylvania Bureau of Workers' Compensation.  Ex. D.  On August 5, 2019, the Pennsylvania Bureau of Workers' Compensation approved an Agreement for Compensation and payment of benefits.  *Id.*

Accordingly, because Decedent sustained a work-related injury while on his employer's premises, the Pennsylvania Workers' Compensation Act provides the exclusive remedy for Decedent's death.   Therefore, River Drive respectfully requests Plaintiff's Complaint be dismissed.  *Cf. Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (recognizing that "the District Court determined that [Plaintiff's] personal injury claims against Giant are barred by the exclusivity provision of Pennsylvania's Workers' Compensation Act, 77 P.S. § 481(a)" and affirming dismissal because "his personal injury claims against Giant are barred beyond question under Pennsylvania law."); *Formato v. Mount Airy #1, LLC*, 2020 U.S. Dist. LEXIS 134195, at *19-21 (M.D. Pa. July 29, 2020) (granting motion to dismiss reasoning that "the claim is precluded by the Pennsylvania Worker's Compensation law."); *Smith v. Tyler Mem. Hosp.*, 2012 U.S. Dist. LEXIS 80826, at *13 (M.D. Pa. June 11, 2012) (dismissing claims as barred by Pennsylvania's Workers' Compensation Act).

## V.      CONCLUSION

For those reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY: _____
Michelle D. Coburn, Esquire
1650 Market Street | One Liberty Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6355
Attorney for Defendants,
River Drive Service Center, Shane Staley, and James Ellerman

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION |
| | 1:21-cv-01237-YK |
| Plaintiff, | |
| | HON. YVETTE KANE |
| v. | |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Michelle D. Coburn, Esquire, hereby certify that a true and correct copy of the foregoing Proposed Order, Motion to Dismiss, Brief and Exhibits were filed electronically and served on all counsel of record pursuant to the Electronic Case Filing.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY: _____

Michelle D. Coburn, Esquire
1650 Market Street | One Liberty
Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6355
Attorneys for Defendants
River Drive Service Center, Shane
Staley, and James Ellerman

Dated:  October 8, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION |
| | 1:21-cv-01237-YK |
| Plaintiff, | |
| | HON. YVETTE KANE |
| v. | |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## CERTIFICATE OF CONCURRENCE AND NON-CONCURRENCE

The undersigned counsel for River Drive Service Center, Shane Staley, and James Ellerman hereby certifies that she contacted counsel for Plaintiff and counsel for Defendant, Dauphin County, to seek concurrence with this Motion. Counsel for Defendant, Dauphin County, concurs with the Motion.  Counsel for Plaintiff does not concur.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY: _____

Michelle D. Coburn, Esquire
1650 Market Street | One Liberty
Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6355
Attorneys for Defendants
River Drive Service Center, Shane
Staley, and James Ellerman

Dated:  October 8, 2021

27749346v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY MURPHY as Personal Representative of the ESTATE OF MATTHEW BARANIAK | CIVIL ACTION<br><br>1:21-cv-01237-YK |
| Plaintiff, | |
| v. | HON. YVETTE KANE |
| DAUPHIN COUNTY, RIVER DRIVE SERVICE CENTER, INC., SHANE STALEY, and JAMES ELLERMAN | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE

I, Michelle D. Coburn, Esquire, hereby certify that the foregoing Brief complies with the word-count limitation described in Local Rule 7.8(b)(2) and has a total word-count of 4,959.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY: _____
Michelle D. Coburn, Esquire
1650 Market Street | One Liberty
Place, Suite 1800 |
Philadelphia, PA 19103-7395
Phone: 215.864.6355
Attorneys for Defendants
River Drive Service Center, Shane
Staley, and James Ellerman

Dated:  October 8, 2021

27749346v.1