IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HOLLY MURPHY, Personal Representative of the Estate of Matthew Baraniak,** | : : : : | |
| **Plaintiff** | : : | No. 1:21-cv-01237 |
| v. | : : | (Judge Kane) |
| **RIVER DRIVE SERVICE CENTER, INC., et al.,** | : : : | |
| **Defendants** | : | |

# MEMORANDUM

This action alleges claims of wrongful death, negligence, and civil rights violations under 42 U.S.C. § 1983 relating to the death of Matthew Baraniak, by Plaintiff Holly Murphy as Personal Representative of the Estate of Matthew Baraniak ("Plaintiff"). (Doc. No. 1.) Before the Court is Defendants River Drive Service Center, Inc., Shane Staley, and James Ellerman ("Defendants")' Motion to Reopen. (Doc. No. 62.) For the following reasons, the Court will deny the motion.

## I.  BACKGROUND

On July 31, 2021, Plaintiff initiated this action by filing a complaint against multiple defendants arising out of the death of Baraniak. (Doc. No. 1.) Baraniak died while working at River Drive Service Center, Inc. during his confinement as a work release inmate at the Dauphin County Work Release Center.[1] (Id.) Plaintiff's initial complaint named Dauphin County, River Drive Service Center, Inc., Shane Staley, and James Ellerman as defendants. (Id.) In response to

---

[1] Plaintiff originally asserted the following claims: (1) 42 U.S.C. § 1983 for civil rights violations against Dauphin County ("Count I"); (2) 42 U.S.C. § 1983 for civil rights violations against River Drive Service Center, Inc., James Ellerman, and Shane Staley ("Count II"); (3) state law negligence against River Drive Service Center, Inc. ("Count III"); (4) state law wrongful death against River Drive Service Center, Inc. ("Count IV"); and (5) state law survival against River Drive Service Center, Inc. ("Count V"). (Doc. No. 1.)

Plaintiff's complaint, Dauphin County filed a Motion to Dismiss (Doc. No. 10), and River Drive Service Center, Inc., Shane Staley, and James Ellerman together filed a Motion to Dismiss (Doc. No. 16).  On March 8, 2022, this Court issued an Order granting Dauphin County's Motion to Dismiss and dismissing the 42 U.S.C. § 1983 claim asserted against Dauphin County without prejudice.  (Doc. No. 36 ¶ 1.)  The Court granted the remaining Defendants (River Drive Service Center, Inc., James Ellerman, and Shane Staley)' Motion to Dismiss in part, insofar as Plaintiff's federal claims against River Drive Service Center, Inc. (Count II) were dismissed without prejudice and all state law claims asserted in Counts III, IV, and V against River Drive Service Center, Inc., James Ellerman, and Shane Staley were dismissed with prejudice.  (Id. ¶ 2.)  The Court denied Defendants' Motion to Dismiss in part, as to Plaintiff's 42 U.S.C. § 1983 claims against James Ellerman and Shane Staley (Count II).  (Doc. Nos. 35 at 10–12; 36 ¶ 2.)  The Court granted Plaintiff leave to file an amended complaint as to only Counts I and II of her original complaint.  (Doc. No. 36 ¶ 3.)

On April 12, 2022, Plaintiff filed an amended complaint against the present Defendants for claims under 42 U.S.C. § 1983.  (Doc. No. 37.)  Thereafter, on April 22, 2022, the parties filed a joint case management plan.  (Doc. No. 42.)  On May 4, 2022, the Court issued a case management Order providing that fact discovery would close on November 15, 2022.  (Doc. No. 46.)  On November 14, 2022, Plaintiff filed an unopposed motion for an extension of time to complete discovery.  (Doc. No. 48.)  Later that day, on November 14, 2022, the Court issued an Order granting an extension of time to complete discovery and making March 15, 2023 the close of fact discovery date.  (Doc. No. 49.)  Also on November 14, 2022, the parties filed a stipulation (Doc. No. 50 at 1) by which the parties sought to strike various allegations from the amended

complaint.  On November 15, 2022, the Court issued an Order approving the stipulation and striking the proposed allegations.[2]  (Doc. No. 51.)

After the parties completed discovery, the parties participated in a telephonic post discovery status conference with the Court on March 22, 2023.  (Doc. No. 56.)  At the conference, the parties indicated that they were discussing and attempting settlement of the case.  (Id.)  On March 22, 2023, the Court issued an Order directing the parties to submit a joint status report on or before April 5, 2023 regarding whether settlement had been reached.  (Doc. No. 57.)  On April 5, 2023, the parties requested an extension of time to file a joint status report via email to the Undersigned's Courtroom Deputy Dawn McNew ("Courtroom Deputy McNew") and, in response, the Court issued a text-only Order directing the parties to submit a joint status report regarding their settlement efforts on or before April 14, 2023.

On April 14, 2023, Defendants' counsel informed the Court via email to Courtroom Deputy McNew that the case had settled and, pursuant to that representation, on April 26, 2023, the Court issued an Order ("April 26, 2023 Closing Order") dismissing the case "without costs and without prejudice, to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if settlement is not consummated."  (Doc. No. 58.)  That Order closed the case.  (Id.)  The Court's Order directed the parties to submit, within sixty (60) days of the date of

---

[2]  The Court's November 15, 2022 Order deemed the following allegations stricken:

   (1)   Paragraphs 14, 15, and 16 of the amended complaint;

   (2)   The references to "E. Staley" in paragraphs 81 and 82 of the amended complaint; and

   (3)   The allegation in paragraph 84 of the amended complaint that Plaintiff was denied equal protection.

(Doc. No. 51.)

the April 26, 2023 Closing Order, a joint status report addressing whether the instant action should be dismissed with or without prejudice. (Id.) The April 26, 2023 Closing Order states that, if the parties failed to submit a timely status report in accordance with the Order, the Court would deem the dismissal of the action to be with prejudice. (Id.) The sixty-day period elapsed on June 26, 2023, and because the Court did not receive a joint status report from the parties by that date, the Court deemed the case to be dismissed with prejudice. On June 27, 2023, Defendants requested, via email to Courtroom Deputy McNew, that "the Court not issue a 60 day closing order." (Doc. No. 62-4 at 35.) The Court notes that Defendants' request was sent after the case had been closed and dismissed with prejudice.

On October 30, 2023, Defendants' counsel filed a letter on the docket of this matter, requesting to reinstate this action for purposes of filing a motion to enforce settlement.[3] (Doc. No. 59.) Courtroom Deputy McNew informed Defendants' counsel via email that a formal motion was required to request action from the Court. (Doc. No. 62-4 at 39.) On December 4, 2023, Defendants filed a Motion to Reopen. (Doc. No. 60.) On December 20, 2023, the Court issued an Order deeming Defendants' motion withdrawn because Defendants failed to file a brief in support of their motion within fourteen (14) days after its filing in accordance with the Local Rules.[4] (Doc. No. 61.) On December 29, 2023, Defendants filed another motion to reopen

---

[3]  Defendants' counsel apparently sent a copy of the letter and a motion to enforce settlement to Plaintiff's counsel prior to the filing of the letter. (Doc. No. 62-4 at 37.)

[4]  Under Local Rule 7.5, a brief shall not be required "[i]n support of any motion which has concurrence of all parties, and the reasons for the motion and relief sought are fully stated therein." See L.R. 7.5. In connection with Defendants' motion to reopen (Doc. No. 60), Defendants attached a "certificate of concurrence." See (Doc. No. 60-1). The certificate states that "concurrence was not given or denied. Plaintiff requested that the motion be held until December 1, 2023, which was done." (Id. at 1.) Because it was unclear whether Plaintiff concurred in the motion, the Court construed the certificate as a certificate of nonconcurrence and thus a brief in support of the motion was required under Local Rule 7.5. See L.R. 7.5 ("[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a

4

(Doc. No. 62) with a brief in support (Doc No. 63) for the stated purpose of enforcing the purported settlement.  Plaintiff did not file a brief in opposition to Defendants' motion, although Plaintiff's concurrence was not given or denied.[5]  On March 18, 2024, the Court issued an Order directing Plaintiff to file a response to Defendants' Motion to Reopen (Doc. No. 62) and supporting brief (Doc No. 63) within ten (10) days of the Order.  (Doc. No. 64.)  Plaintiff did not file a response.  Accordingly, the motion is ripe for disposition.

## II.     LEGAL STANDARDS

### A.     Motion to Reopen

"Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial."  Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972); see also Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 611 (3d Cir. 2020) (stating that a "dismissal with prejudice operates as adjudication on the merits").  The doctrine of res judicata "acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them."  See Transamerica Occidental Life Ins. Co. v. Aviation Off. of America, Inc., 292 F.3d 384, 392 (3d Cir. 2002).  However, Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, [order, or proceeding,] and request reopening of his case, under a limited set of circumstances . . . ."  See Gonzales v. Crosby, 545 U.S. 524, 528 (2005).  Relief under Rule 60(b) should "be reserved for those cases of injustices which ... are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata."  See United States v. Beggerly, 524 U.S. 38, 46 (1998).

---

brief in support of the motion . . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn").

[5]  Defendants attached an identical "certificate of concurrence" to their Motion to Reopen, see supra at note 4, which states that "concurrence was not given or denied.  Plaintiff requested that the motion be held under December 1, 2023, which was done." (Doc. No. 62-2 at 1.)

Pursuant to Rule 60(b)(1), the Court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect . . . ." See Fed. R. Civ. P. 60(b)(1). "The test for 'excusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.'" Nara v. Frank, 488 F.3d 187, 193–94 (3d Cir. 2007) (quoting In re Cendant Corp. PRIDES Litig., 234 F.3d 166, 171 (3d Cir. 2000)). Four factors are considered in weighing the totality of the circumstances: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was in the movant's control; and (4) whether the movant acted in good faith. See Nara, 488 F.3d at 194 (citing In re Cendant, 234 F.3d at 171).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6). "Extraordinary circumstances" must be present "to justify the use of the Rule 60(b)(6) catch-all provision. . . ." See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (internal citations omitted). To grant relief under Rule 60(b)(6), a party's failure to act must be more than mere neglect, inadvertence, indifference, or careless disregard of circumstances. See Ackermann v. United States, 340 U.S. 193, 199 (1950). Relief is appropriate under this provision only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." See Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). Extraordinary circumstances must suggest that the moving party is faultless in the delay. See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).

A movant under Rule 60(b) bears a "heavy burden" to win such "extraordinary relief." See Straker v. Valencik, No. 18-cv-01569, 2023 WL 2742744, at *2 (M.D. Pa. Mar. 31, 2023) (citing United States v. Meehan, 600 F. App'x 51, 54 (3d Cir. 2015) (unpublished)). A Rule

60(b) motion must be made within a reasonable amount of time and, if made for "mistake, inadvertence, surprise, or excusable neglect," then not more than a year after the order was entered.  See Fed. R. Civ. P. 60(c)(1).

### B. Motion to Enforce Settlement

The United States Court of Appeals for the Third Circuit ("Third Circuit") states that the reinstatement of an action "which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."  See Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002).  "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).  If the terms of the settlement agreement are not made part of the order of dismissal, either by a separate provision or by incorporating the terms of the settlement into the language of the order, then a district court has no ancillary jurisdiction to enforce the agreement.  See id. at 380–81; see also Sawka, 989 F.2d at 141 (stating that because the district court dismissed a case outright, without incorporating the terms of the settlement, the district court therefore dismissed the case "without specifically retaining jurisdiction to enforce it").  Phrasing such as "pursuant to the terms of the settlement" and "counsel having reported to the court that this action has been settled" are not sufficient to retain jurisdiction to enforce settlement.  See Shaffer, 285 F.3d at 503; In re Phar-Mor, Inc. Secs. Litig., 172 F.3d 270, 274 (3d Cir. 1999) ("Phar-Mor") (finding that the phrase "pursuant to the terms of the [s]ettlement" fails to incorporate the terms of the [s]ettlement [a]greement).  Moreover, a "mere reference to the fact of settlement does not incorporate the

7

settlement agreement in the dismissal order." See Phar-Mor, 172 F.3d at 274 (citing Miener ex rel. v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995)).

### III. DISCUSSION

By way of the instant motion, Defendants "respectfully request that this matter be reopened, and Defendants be permitted to file a Motion to Enforce Settlement." (Doc. Nos. 62 at 1; 63 at 11.) Defendants assert that, in April 2023, the parties reached a settlement agreement to fully resolve the action for $25,000 in exchange for a dismissal of all claims and other conditions set forth in a release.[6] (Doc. No. 62-4 at 24.) Defendants claim that they then informed the Court of the settlement via email (Doc. No. 62-4 at 26), and the Court issued the April 26, 2023 Closing Order. (Doc. No. 58.) Defendants' counsel maintains that she thereafter made numerous attempts to communicate with Plaintiff's counsel regarding the execution of the settlement, allegedly doing so through emails and voicemail messages. (Doc. Nos. 62-4 at 32–33; 63 at 5.) Defendants' counsel claims to have received no responses from Plaintiffs' counsel. (Id.) As set forth above, on June 27, 2023, Defendants requested via email to Courtroom Deputy McNew that "the Court not issue a 60 day closing order" (Doc. No. 62-4 at 35) and then, on October 30, 2023, Defendants' counsel filed a letter on the docket, requesting to reinstate the action for purposes of filing a motion to enforce settlement (Doc. No. 59). Defendants submit an email from Courtroom Deputy McNew, sent in response to Defendants' October 30, 2023 letter,

---

[6] Defendants attach to their motion a copy of an email that they allege shows that settlement had been reached in this matter. (Doc. No. 62-4 at 24.) The email from Defendants' counsel to Plaintiff's counsel states that "[t]his [email] will confirm settlement of this matter for $25,000. The release will include all of the named defendants plus Shane Staley's father. We are not including confidentiality. I will send a draft general release next week." (Id.)

8

wherein McNew informed Defendants that a formal motion was required to request the reopening of this matter. (Doc. No. 62-4 at 39.) Defendants' counsel alleges that, approximately two weeks later on November 17, 2023, she informed Plaintiff's counsel via email of Defendants' intent to file a motion to reopen and requested Plaintiff's position by November 20, 2023. (Id. at 41.) Based on an email provided by Defendants, Plaintiff's counsel apparently responded via email on November 20, 2023, stating that "I'm trying to work this out" and asked Defendants to hold the filing until December 1, 2023. (Id. at 43.) Defendants' counsel maintains that, on November 27, 2023, she sent another email to Plaintiff's counsel regarding the status of this matter, to which Plaintiff's counsel allegedly responded that she was "still working on it" and requested a copy of the video of the accident.[7] (Id. at 45, 47.) Based on these allegations and the submissions attached to Defendants' motion, Defendants posit that Plaintiff's lack of communication and Defendants' failure to reinstate this action prior to the timeframe in the Court's April 26, 2023 Closing Order constitutes excusable neglect.

 Regarding the four factors used in determining where there is excusable neglect, Defendants first argue that there is no danger of prejudice to Plaintiff because Defendants have attempted to effectuate settlement and have not caused undue delays. (Doc. No. 63 at 9.) Secondly, Defendants assert that their "delay in reinstating this action was no longer than one day after the sixty-day timeframe of the [April 26, 2023] Order" and that they "further attempted to provide Plaintiff additional time to resolve this issue, which resulted in Defendants not filing the instant Motion to Reopen until December 4, 2023." (Id. at 9–10.) As to the third factor, Defendants maintain that the delay was out of their control and Defendants' counsel had "fully expected to hear from Plaintiff's counsel on the execution of the release, prior to the [April 26,

---

[7] The video is allegedly of the accident during which Baraniak was killed. Defendants claim they provided another copy of the video to Plaintiff on December 4, 2023. (Doc. No. 63 at 6.)

2023] Order's timeframe." (Id. at 10.) Finally, regarding the fourth and final factor, Defendants note that their actions have been made in good faith, as evidenced by the correspondence from Defendants' counsel to Plaintiff's counsel. (Id.) Defendants maintain their correspondence with Plaintiff was "made in reasonable haste after the issuing of the April 26, 2023 Closing Order, throughout the sixty[-]day period, and up until the filing of this Motion to Reopen." (Id.) Defendants conclude by stating that this motion is timely and proper under Rule 60(b)(1) because it is brought within one year of the April 26, 2023 Closing Order. (Id. at 11.) In the alternative, Defendants state that a court may vacate an order under Rule 60(b)(6), if "extraordinary circumstances" exist. (Id. at 8) (citing Budget Blinds, Inc. v. White, 536 F.2d 244, 251, 254 (3d Cir. 2008)).

While Defendants ostensibly seek relief under Rule 60(b), their motion seeks to reopen the case for the purposes of enforcing settlement. (Doc. Nos. 62 at 1; 63 at 11.) Based on the substance of the Defendants' motion and arguments, the Court notes that the motion can be construed in two ways—either as a motion to reopen or as a motion to enforce settlement. The different constructions require different standards. See Shaffer, 285 F.3d at 503 (noting that reinstatement/reopening is "totally different" from enforcement of a settlement). Therefore, the Court assesses Defendants' motion under both legal standards.

    **A.**    **Construing Defendants' Motion as a Motion to Reopen Under Federal Rule of Civil Procedure 60(b)**

        **1.**    **Legal Standard**

As discussed supra, four factors are considered in weighing the totality of the circumstances[8] when assessing whether there is excusable neglect under Rule 60(b)(1): (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on

---

[8] "The test for 'excusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.'" Nara, 488 F.3d at 193–94 (quoting In re Cendant, 234 F.3d at 171).

judicial proceedings; (3) the reason for the delay and whether it was in the movant's control; and (4) whether the movant acted in good faith. See Nara, 488 F.3d at 194 (citing In re Cendant, 234 F.3d at 171).

Under Rule 60(b)(6), the Court may relieve a party from an order for "any other reason that justifies relief." See Fed. R. Civ. P. 60(b)(6). To grant relief under Rule 60(b)(6), a party's failure to act must be more than mere neglect, inadvertence, indifference, or careless disregard of circumstances. See Ackermann, 340 U.S. at 199.

### 2. Whether Defendants' Motion to Reopen, Construed as Such, Should be Granted

After carefully weighing the four factors, the Court finds that Defendants have not demonstrated excusable neglect pursuant to Rule 60(b)(1). The Court acknowledges that Defendants' exhibits submitted in support of their motion demonstrate that Defendants' counsel attempted to contact Plaintiff's counsel to consummate settlement, but those efforts alone are insufficient to demonstrate excusable neglect for the reasons articulated infra.

First, the danger of prejudice against the non-moving party is found when the movant was responsible for the ongoing delays of the lawsuit. See Straker, 2023 WL 2742744, at *3. As to this factor, based on the evidence provided to the Court, the parties share responsibility for the ongoing delays in settlement of this lawsuit. Therefore, this factor is neutral. Second, the length of delay weighs against Defendants because, while they did file this motion within one year of the dismissal of the case,[9] Defendants did not file a motion to reinstate action until well after the case was dismissed with prejudice and have failed to demonstrate why they did not act sooner.

---

[9] While a motion pursuant to Rule 60(b)(1) may not be barred as a matter of law under Rule 60(c)(1) (within one year of the judgment or order), a motion may still be unreasonable in light of the facts of a particular case. See Straker, 2023 WL 2742744, at *2 (deeming a Rule 60(b) motion unreasonable based on the facts of the case even though the motion was filed within a year of dismissal).

Defendants fail to note that, after they sent an email to the Court on June 27, 2023, wherein they requested that "the Court not issue a 60 day closing order" (Doc. No. 62-4 at 35), Courtroom Deputy McNew responded to Defendants' email.  Courtroom Deputy McNew informed Defendants that, in order to extend the 60-day timeframe to consummate settlement established in the Court's April 26, Closing Order, a request for the Court to do so must be in writing and filed on the Court's docket.[10]  In response to Defendants' October 30, 2023 email, Courtroom Deputy McNew informed Defendants that "any relief sought from [the] Court should be filed as a formal motion in accordance with the Local Rules." (Doc. No. 62-4 at 39.)  Defendants offer no explanation for their failure to file a motion between April 26, 2023 and June 26, 2023 or after June 27, 2023.  As to the reason for delay—the third factor—the Court finds that this factor is neutral insofar as Plaintiff appears not to have communicated with Defendants, but Defendants failed to file a motion to request action from the Court until almost seven (7) months after the April 26, 2023 Closing Order.  Finally, the fourth factor of good faith weighs against Defendants because good faith is found when a party "acts with reasonable haste to investigate the problem and to take available steps toward a remedy."  See In re Cendant, 234 F.3d at 184.  While Defendants claim to have consistently attempted to contact Plaintiff's counsel (Doc. Nos. 58, 62-4 at 24–47) to consummate settlement in this matter, Defendants were aware of the April 26, 2023 Closing Order and its requirement that any action in accordance with its terms to reinstate

---

[10]   In her email response to Defendants, Courtroom Deputy McNew states the following:

> Pursuant to the Court's April 26, 2023 60-day order, either party can seek to reinstate the action if settlement is not consummated.  The party seeking to do so should make the request in writing and file it electronically.  Any other request (e.g., for an extension of time to comply with the 60-day order) should also be presented in a letter filed with the Court.

12

this action occur within sixty (60) days of its issuance. In applying the factors, the equitable considerations weigh against granting Defendants' motion to reopen pursuant to Rule 60(b)(1).

As to Defendants' alternative argument for relief under Rule 60(b)(6), the Court finds that extraordinary circumstances do not exist in the present case. Extraordinary circumstances must suggest that the party is faultless in the delay. See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). Additionally, the Third Circuit has held that breach of a settlement agreement does not qualify as an "extraordinary circumstance" under Rule 60(b)(6). See Sawka, 989 F.2d at 140–41. Because Defendants are not faultless in the delay and an alleged breach of a settlement agreement does not constitute an extraordinary circumstance for the purposes of Rule 60(b)(6), Defendants' alternative argument fails. Therefore, the Court will deny Defendants' motion to reopen, construed as such. The Court next assesses Defendants' motion construed as a motion to enforce settlement.

### C. Construing Defendants' Motion as a Motion to Enforce Settlement

While Defendants' motion is entitled "Motion to Reopen," the motion seeks leave of court to file a motion to enforce settlement. Because of the relief requested by Defendants, the Court also considers Defendants' motion as a motion to enforce settlement.

#### 1. Legal Standard

"Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378. In Shaffer, the Third Circuit considered a dismissal order that stated: "upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated." See Shaffer, 284 F.3d at 503. The Third Circuit held that the "language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated" does

not provide the jurisdiction needed for the enforcement of a settlement agreement. See id. at 504.

### 2. Whether Defendants' Motion to Reopen, Construed as a Motion to Enforce Settlement, Should Be Granted

In order to determine whether the Court has retained jurisdiction to enforce settlement in this case, the Court looks to the language of the closing Order. Here, the April 26, 2023 Order closing this case states as follows:

> [U]pon notice from counsel that the parties have reached a settlement of this matter, IT IS ORDERED THAT this action is dismissed without costs and without prejudice, to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if settlement is not consummated. IT IS FURTHER ORDERED THAT the parties are directed to submit, within sixty (60) days of the date of this Order, a joint status report addressing whether the instant action should be dismissed with or without prejudice. Should the parties fail to submit a timely status report in accordance with this Order, the Court will deem the dismissal of this action to be with prejudice. The Clerk of Court is directed to CLOSE this case.

(Doc. No. 58.) Upon review of the Order, it is clear that the Order contains no language stating that the Court will retain jurisdiction over this case after the closing of the case. The reference to settlement in the Order is not sufficient to retain jurisdiction to enforce settlement. See Phar-Mor, 172 F.3d at 274 (stating that a "mere reference to the fact of settlement" is insufficient to retain jurisdiction to enforce settlement). The parties were informed, via the Order, that either party had the right "to reinstate the action within sixty (60) days if settlement is not consummated." See (Doc. No. 58); Shaffer, 284 F.3d at 504 (finding that the ability to reinstate action with sixty (60) days does not mean that a district court retains jurisdiction over the enforcement of settlement).

The Court notes that Defendants were on notice that in order to extend the 60-day timeframe to consummate settlement established in the Court's April 26, 2023 Closing Order,

14

the filing of a motion was required.[11] A review of the docket in this matter reveals that Defendants did not file a motion seeking to extend the timeframe to consummate settlement until December 4, 2023, when they first filed a motion to reopen (Doc. No. 60) that the Court deemed withdrawn because Defendants did not file a brief in support of the motion in accordance with the Local Rules of this Court (Doc. No. 61). On December 29, 2023, Defendants filed the pending motion to reopen (Doc. No. 62), over five (5) months since the case was dismissed with prejudice and over seven (7) months since the issuance of the Court's April 26, 2023 Closing Order. Pursuant to the relevant authorities discussed more fully supra and the terms of the April 26, 2023 Closing Order, the Court lacks jurisdiction over any settlement negotiated between the parties. Accordingly, the Court will deny Defendants' Motion to Reopen (Doc. No. 62), construed as a motion to enforce settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will deny Defendants' Motion to Reopen. An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[11] Courtroom Deputy McNew's email on June 27, 2023 to Defendants states as follows:

> Pursuant to the Court's April 26, 2023 60-day order, either party can seek to reinstate the action if settlement is not consummated. The party seeking to do so should make the request in writing and file it electronically. Any other request (e.g., for an extension of time to comply with the 60-day order) should also be presented in a letter filed with the Court.

Defendants next filed a letter on the docket on October 30, 2023, requesting to reinstate the action for purposes of filing a motion to enforce settlement (Doc. No. 59), and were informed by Courtroom Deputy McNew that "any relief sought from [the] Court should be filed as a formal motion in accordance with the Local Rules" (Doc. No. 62-4 at 39).